UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SUSAN D. COFFEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:08-CV-133 |
| v. ) | |
| ) | *Mattice / Lee* |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This action was instituted by the Plaintiff pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying the Plaintiff a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382. This matter was referred pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of Plaintiff's motion for judgment on the pleadings [Doc. 13] and Defendant's motion for summary judgment [Doc. 16].

For the reasons stated herein, I **RECOMMEND** that: (1) Plaintiff's motion for judgment on the pleadings [Doc. 13] be **DENIED**; (2) Defendant's motion for summary judgment [Doc. 16] be **GRANTED**; (3) the decision of Commissioner be **AFFIRMED**; and (4) this action be **DISMISSED**.

## Administrative Proceedings

Plaintiff filed applications for DIB and SSI on November 2, 2004, alleging she became disabled on August 4, 2004 (Tr. 24). After Plaintiff's claims were denied initially and on

reconsideration (Tr. 33-35, 48-51, 268-78), she requested a hearing before an administrative law judge ("ALJ") (Tr. 44). Following a hearing on August 15, 2006 (Tr. 279-305), the ALJ issued a decision on September 21, 2006 (Tr. 21-32), finding Plaintiff was not disabled because she retained the residual functional capacity ("RFC") to perform a significant number of jobs identified by the vocational expert ("VE") (*id.*). The ALJ's decision became the final decision of the Commissioner on April 10, 2008, when the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 4-6).

## Standard of Review

The Court must determine whether the ALJ failed to apply the correct legal standard and whether the ALJ's findings of fact were unsupported by substantial evidence. 42 U.S.C. § 405(g); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the Court might have decided facts differently, or if substantial evidence also would have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decisionmakers because it presupposes there is a zone of choice within which the decisionmakers can go either way, without interference by the

courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The Court may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The Court of Appeals for the Sixth Circuit ("Sixth Circuit") has held that substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Garner*, 745 F.2d at 388 (citation omitted).

## How Disability Benefits Are Determined

The Sixth Circuit recently reiterated the five-step procedure used by the Social Security Administration ("SSA") to determine eligibility for disability benefits as follows:

> The [Social Security] Act entitles to benefits payments certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A). Such claimants qualify as "disabled." *Id.* A claimant qualifies as disabled if she cannot, in light of her age, education, and work experience, "engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A). To identify claimants who satisfy this definition of disability, the SSA uses a five-step "sequential evaluation process." 20 C.F.R § 404.1520(a)(4). The five steps are as follows:
>
> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. *Id.* § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to

3

> the degree of affliction imposed. *Id.* § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id.* § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley,* 493 U.S. 521, 532, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimants' "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id.;* § 404.1560(c)(1). The SSA bears the burden of proof at step five. *See Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 474 (6th Cir.2003).

*Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642-43 (6th Cir. 2006).

### **ALJ's Findings**

The ALJ made the following findings in support of Commissioner's decision, which are conclusive if they are supported by substantial evidence in the record:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant has not engaged in substantial gainful activity since August 4, 2004, the alleged onset date . . . .

4

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease (COPD), sleep apnea, carpal tunnel syndrome (CTS), arthritic gout, high blood [pressure and obesity] . . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . .

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a reduced range of light work activity as follows: occasionally lifting 15 pounds, frequently lifting 10 pounds; standing and/or walking up to four hours per day; sitting for six hours; and involving no repetitive use of the hands. In addition, this work activity should be free of pulmonary irritants.

6. The claimant is unable to perform any past relevant work . . . .

7. The claimant was born on March 7, 1956, and was 48 years old on the alleged disability onset date, which is defined as a younger individual age 45-49 . . . .

8. The claimant has at least a high school education and is able to communicate in English . . . .

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills . . . .

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform . . . .

11. The claimant has not been under a "disability," as defined in the Social Security Act, from August 4, 2004 through the date of this decision . . . .

(Tr. 26-27, 30-32).

**Issue**

The sole issue presented by Plaintiff is whether:

> [t]he ALJ violated Social Security Ruling ("SSR") 00-4p by failing to resolve the conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT").

[Doc. 14 at 2].

**Review of Evidence**

*Plaintiff's Age, Education, and Past Work Experience*

Plaintiff was 50 years old at the time of the ALJ's decision (Tr.30). She graduated from high school and had past relevant work as a certified nursing assistant (Tr. 30, 63-66, 76), which the VE testified was semi-skilled work at the medium level of exertion with a specific vocational preparation ("SVP") of four (Tr. 288).

*Medical Evidence*

As the medical evidence is not in dispute in this matter, it is not necessary to summarize the medical evidence, which is thoroughly discussed in the ALJ's decision (Tr. 21-32). Although the medical evidence is not summarized herein, however, the relevant medical evidence has been reviewed and considered in reaching the recommendation set forth in this report and recommendation.

*Hearing Testimony*

It is not necessary to summarize all of the hearing testimony – only the testimony of the VE need be summarized herein. However, all of the testimony has been reviewed and considered in reaching the recommendation set forth in this report and recommendation.

Benjamin C. Johnston testified as the VE at the September 21, 2006 administrative hearing

(Tr. 52-58, 280, 288). In response to a hypothetical from the ALJ involving an individual of Plaintiff's age, education, and past relevant work experience, who could perform a reduced range of light work; namely, who could lift 15 pounds occasionally and ten pounds frequently, stand and/or walk for four hours out of an eight-hour workday, would need a clean air environment, indoor work, no exposure to dust or fumes, and who could not perform repetitive motions with either hand, the VE testified such hypothetical person could not perform the Plaintiff's past relevant work (Tr. 298). However, the VE testified there were jobs such a hypothetical person could perform (*id.*). Examples of such reduced light, unskilled jobs identified by the VE included: unarmed security guard, with 250 to 300 jobs regionally and 100,000 nationally; vending machine assistant, with 150 jobs regionally and 75,000 nationally; and cashier, convenience store type, with 300 jobs regionally and 150,000 nationally (Tr. 298-99, 300). After he identified the aforementioned examples, the ALJ asked the VE whether "the jobs you gave me were consistent with the DOT?" (Tr. 304). The VE's response was "[y]es, sir, they were." (*Id.*).

Upon being given an opportunity to cross-examine the VE, Plaintiff's counsel asked the VE whether the jobs identified by the VE in response to the ALJ's hypothetical would be eroded if the hypothetical individual had to take frequent breaks during the day due to shortness of breath (Tr. 300). The VE responded that employers would not tolerate unscheduled breaks during the day in unskilled jobs and, therefore, such jobs would be precluded (*id.*). Plaintiff's counsel also asked the VE if the jobs he had identified in response to the ALJ's hypothetical would be eroded if the hypothetical individual had concentration problems due to sleep apnea (Tr. 302). The VE responded, "I would think there wouldn't be any jobs to do." (*Id.*). Plaintiff's counsel, then, indicated he had no further questions for the VE (*id.*).

## Analysis

Plaintiff asserts the ALJ did not comply with SSR 00-4p by failing to resolve the conflict between the VE's testimony and the DOT [Doc. 14 at 2]. Plaintiff asserts the testimony of the VE at the hearing was inconsistent with the DOT [*id.*]. Specifically, Plaintiff asserts a comparison of the RFC found by the ALJ and the jobs identified by the VE in response to the ALJ's hypothetical reveals the VE's testimony was inconsistent with the DOT [*id.* at 3]. As support for her contention the VE's testimony was inconsistent with the DOT, the Plaintiff has attached as Addendum "A" to her brief [Doc. 14-2], DOT job descriptions and physical characteristics of the jobs identified by the VE in response to the ALJ's hypothetical, which the Plaintiff states were downloaded from the website www.freedotsearch.com [Doc. 14 at 3 n.2 & 14-2]. Plaintiff asserts the ALJ committed reversible error because he failed to clarify any inconsistencies between the testimony of the VE and the DOT despite the fact that SSR 00-4p required him to do so. [*id.* at 4]. Plaintiff, therefore, asserts the decision of the Commissioner should be reversed and this matter should be remanded for further administrative consideration pursuant to sentence four of 42 U.S.C. § 405(g) [*id.* at 5].

Because the ALJ found Plaintiff was unable to perform her past relevant work, the Commissioner has the burden of establishing she is capable of performing other work which exists in significant numbers in the national economy. *Cole v. Sec'y of Health and Human Servs.*, 820 F.2d 768, 771 (6th Cir. 1987). Moreover, because the ALJ also found that Plaintiff suffered from a severe non-exertional impairment, the Commissioner cannot rely on the medical-vocational guidelines or "grids," to satisfy his burden of showing she can do work which exists in significant numbers. *Damron v. Sec'y of Health and Human Servs.*, 778 F.2d 279, 282 (6th Cir. 1985). If the Commissioner cannot rely on the grids to meet this burden, a VE may testify as to the availability

of jobs which a claimant can perform. *See Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1174 (6th Cir. 1990). The testimony of the VE can constitute substantial evidence to support the ALJ's finding the Plaintiff retains the RFC to perform a significant number of jobs existing in the regional and national economy, but only if the hypothetical question accurately portrays the plaintiff's physical and/or mental impairments. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002); *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Bradford v. Sec'y of Dep't of Health and Human Servs.*, 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).

In his decision, the ALJ stated, in pertinent part:

> The vocational expert testified that the claimant's past relevant work as a certified nursing assistant is classified in the <u>Dictionary of Occupational Titles</u> as medium and semiskilled. The claimant is able to perform a reduced range of light work activity. Accordingly, the claimant is unable to perform past relevant work.
> . . .
> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, I asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as cashier (300 regionally and 150,000 nationally), vending machine attendant (150 regionally and 150,000 nationally), and unarmed security guard (300 regionally and 100,000 nationally).
>
> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the vocational expert, I conclude that,

considering the claimant's age, education, work experience, and
residual functional capacity, the claimant has been capable of making
a successful adjustment to other work that exists in significant
numbers in the national economy.

(Tr. 30-31).

SSR 00-4p "emphasizes that before relying on VE . . . evidence to support a disability determination or decision, . . . adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the Dictionary of Occupational Titles . . . ." SSR 00-4p, 2000 WL 1898704, *1 (2000). The ruling further states:

> Occupational evidence provided by a VE . . . generally should be
> consistent with the occupational information supplied by the DOT.
> When there is an *apparent* unresolved conflict between VE . . .
> evidence and the DOT, the adjudicator must elicit a reasonable
> explanation for the conflict before relying on the VE . . . evidence to
> support a determination or decision about whether the claimant is
> disabled. At the hearings level, as part of the adjudicator's duty to
> fully develop the record, the adjudicator will inquire, on the record,
> as to whether or not there is such consistency.
>
> Neither the DOT nor the VE . . . evidence automatically "trumps"
> when there is a conflict. The adjudicator must resolve the conflict by
> determining if the explanation given by the VE . . . is reasonable and
> provides a basis for relying on the VE. . . testimony rather than on the
> DOT information.

*Id.* at *2 (emphasis added). The ruling further provides that:

> When a VE . . . provides evidence about the requirements of a job or
> occupation, the adjudicator has an affirmative responsibility to ask
> about any possible conflict between that VE . . . evidence and
> information provided in the DOT. In these situations, the adjudicator
> will:
>
> Ask the VE . . . if the evidence he or she has provided conflicts with
> information provided in the DOT; and
>
> If the VE's . . . evidence appears to conflict with the DOT, the
> adjudicator will obtain a reasonable explanation for the apparent

10

conflict.

*Id.* at *4.

In *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369 (6th Cir. 2006), the VE gave testimony identifying jobs the plaintiff could perform. *Id.* at 373-74. The ALJ asked the VE if there was a conflict between the DOT descriptions of the jobs he had identified and his testimony, particularly as to the third job the VE had identified, and the VE testified there was not a conflict. *Id.* However, there was a conflict between the VE's testimony and the DOT descriptions of two of the three jobs identified by the VE, but at the hearing the Plaintiff did not bring the discrepancy to the ALJ's attention. *Id.* Instead, she first raised the issue that a conflict existed between the VE's testimony and the DOT descriptions "upon filing her brief in the district court." *Id.* The Sixth Circuit rejected the plaintiff's contention the matter should be remanded for further administrative consideration based upon the ALJ's alleged failure to comply with SSR 00-4p, stating:

> SSR 00-4p does not address what to do when a conflict [between the VE's testimony and the DOT] is not apparent. Under . . . SSR 00-4p, the ALJ is entitled to evaluate the testimony of a vocational expert, the DOT, and other relevant evidence, but is not required to rely on any of these sources.
>
> Consistent with . . . SSR 00-4p, the ALJ asked if there was a conflict, The vocational expert testified there was not. [The plaintiff] did not bring the vocational expert's mistake to the ALJ's attention. Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct. Furthermore, even if there is a conflict between the expert's testimony and the DOT, neither the DOT or [the expert's testimony] automatically trumps when there is a conflict. When there is a conflict, the ALJ must resolve the conflict by determining if the explanation given by the expert is reasonable and provides a basis for agreeing with the expert rather than the DOT information. Because [the plaintiff] did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved . . . the ALJ specifically asked if there was a conflict

11

and the uncontradicted testimony of the vocational expert indicated that no conflict existed.

*Id.* (internal citations and quotations omitted).

Similarly, in *Ledford v. Astrue*, No. 07-4234, 2008 WL 55351015, *10 (6th Cir. Dec. 19, 2008), the plaintiff contended, *inter alia*, that the ALJ failed to resolve a conflict between the testimony of the VE and the DOT as required by SSR 00-4p. The Sixth Circuit rejected the plaintiff's assertion of error, stating:

> Despite . . . strident arguments on appeal challenging the vocational expert's testimony, [plaintiff] did not bring to the attention of the [ALJ] the alleged conflict between the oral testimony and the job descriptions in the *Dictionary of Occupational Titles*. As we recently explained in the unpublished opinion in *Martin v. Commissioner of Soc. Sec.*, No. 04-4551. 2006 WL 509593 at *5 (6th Cir. Mar. 1. 2006), nothing in applicable Social Security regulations requires the [ALJ] to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the [ALJ].

*Id*.

Likewise, in *Garskof v. Astrue*, No. 307-CV-288-OC-GRJ, 2008 WL 4405050, *6 (M.D. Fla. Sep. 26, 2008), the Court stated:

> [SSR 00-4p] only obligates the ALJ to ask the VE whether there is a conflict and if the VE identifies a conflict the ALJ is required then – and only then – to address the conflict in his decision and resolve it. Therefore, where . . . the VE has not identified any conflict with the DOT, the ALJ does not violate SSR 00-4p by relying upon the opinion of the VE – so long as the ALJ asked the VE to identify any conflicts – and the ALJ is not required independently to identify whether there is any inconsistency.

*Id. See also Lembke v. Barnhart*, No. 06C 0306C, 2006 WL 3834104, *15 (W.D. Wis. Dec. 6, 2006) (where the ALJ asked the VE if his testimony was consistent with the DOT, the VE responded it was, and the plaintiff's attorney did not cross-examine the VE with respect to such issue, plaintiff

12

is not entitled to reversal and remand on the ground the ALJ did not comply with SSR 00-4p, particularly if the plaintiff does not identify a potential conflict until after the hearing).

Based upon the downloads in Addendum A to her brief [Doc. 14-2 at 4, 7, & 10], Plaintiff asserts there is a conflict between the testimony of the VE and the DOT [Doc. 14 at 3-4]. Assuming *arguendo* the downloads in Addendum A to Plaintiff's brief do show that there is an unresolved conflict between the VE's testimony and the DOT, Plaintiff neither asserts she brought this alleged conflict to the ALJ's attention during the hearing nor does she assert such conflict should have been readily apparent to the ALJ at the hearing. After the VE had identified examples of jobs the Plaintiff could perform in response to the ALJ's hypothetical, the ALJ did ask the VE, as he was required to do by SSR 00-4p, if the VE's testimony was consistent with the DOT. The VE responded his testimony was consistent with the DOT. The ALJ then accorded Plaintiff's counsel the opportunity to question the VE and while Plaintiff's counsel did ask questions of the VE, he did not bring any alleged conflict between the VE's testimony and the DOT to the attention of the ALJ during the hearing.[1]

Here, the ALJ complied with SSR 00-4p by asking the VE if his testimony were consistent with the DOT. When the VE testified his testimony was consistent with the DOT, Plaintiff failed to bring any alleged inconsistency or mistake in the VE's testimony to the ALJ's attention during the hearing. Thus the ALJ did not commit reversible error under SSR 00-4p, because he had no

---

[1] A copy of the Plaintiff's brief to the Appeals Council appears in the administrative record (Tr. 7-11). Plaintiff did raise the issue of a conflict between the VE's testimony and the DOT in her brief to the Appeals Council (*id.* at 9-11), which was filed after the ALJ's decision and the hearing. However, there is no evidence in the record, and Plaintiff does not assert, that she brought any alleged or apparent conflict between the VE's testimony and the DOT to the attention of the ALJ either during the hearing or at any time before the ALJ issued his decision.

13

further duty to conduct an investigation to determine the accuracy of the VE's testimony under the Ruling. *Ledford*, 2008 WL 55351015 at *10; *Garskof*, 2008 WL 4405050 at *5; Martin, 170 F. App'x at 374.

Having reviewed the record and pleadings, particularly, in light of the sole assertion of error made by the Plaintiff, I **FIND** the decision of the Commissioner denying DIB and SSI benefits to the Plaintiff is supported by substantial evidence in the record. Accordingly, the Commissioner's decision should be affirmed.

### Conclusion

Having carefully reviewed the administrative record and the briefs of the parties filed in support of their respective motions, for the reasons stated above it is **RECOMMENDED**[2]:

(1) Plaintiff's motion for judgment on the pleadings [Doc. 13] be **DENIED**;

(2) Defendant's motion for summary judgment [Doc. 16] be **GRANTED**;

(3) Judgment be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure **AFFIRMING** the Commissioner's decision which denied benefits to the Plaintiff; and

(4) This action be **DISMISSED**.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).